CITY OF COLUMBUS DIVISION OF INCOME TAX, Appellee,

v.

SCHNEIDER, Appellant.

[Cite as *Columbus Div. of Income Tax v. Schneider* (1992), 84 Ohio App.3d 538.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1004.

Decided Dec. 24, 1992.

*Ronald J. O'Brien,* City Attorney, and *James D. Newcomer,* Assistant City Attorney, for appellee.

*Keith A. Yeazel,* for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Roger Schneider, appeals from a judgment of the Franklin County Municipal Court finding him liable for the penalty and interest imposed as a result of the failure of Associated Computer Services, Inc. ("Associated") to pay the taxes withheld from its employees under Columbus City Code ("C.C.") Chapter 361. Defendant's single assignment of error states:

"The trial court erred as a matter of law in awarding summary judgment to appellee when it interpreted that the relevant provisions of the Columbus City Income Tax Code impose personal liability for the payment of penalty and interest upon persons who are responsible for income tax collection on behalf of a corporate employer beyond personal liability for the payment of the income tax itself."

According to the stipulations submitted by the parties in the trial court, Associated was engaged in business in the city of Columbus during the tax years 1990 and 1991; defendant was an officer of Associated during the tax year 1991 and is responsible for making payment of withheld taxes under C.C. 361.24.

For the tax years 1990 and 1991, Associated, through defendant, filed quarterly returns for withheld taxes, for which payment ultimately was made in full. However, due to the late payment of the withheld taxes for those quarters, the city, pursuant to C.C. 361.37, sought to collect interest in the amount of $119 and penalties in the amount of $301.77.

The parties agree that the sole issue presented by this appeal is whether a corporate officer is responsible not only for payment of unpaid withheld income taxes, but also for any penalties and interest accruing against the corporation for failure to timely pay the tax due.

C.C. 361.24 states in pertinent part:

"Each employer within or doing business within the City, shall deduct at the time of payment of such salaries, wages, commissions or other compensation, the tax of two (2) percent of the gross salaries, wages, commissions or other compensation due by the said employer to said employee and shall, on or before the last day of the month following the close of each calendar quarter, make a return showing the amount of taxes so deducted and a record of payments showing that all taxes deducted during the quarter have been paid to the City in accordance with the payment schedule prescribed by subsections (a), (b) and (c) hereof. Such employer shall be liable for the payment of the tax required to be deducted and withheld, whether or not such taxes have in fact been withheld.

" * * *

"The officer or the employee having control or supervision of or charged with the responsibility of filing the report and making payment is personally liable for failure to file the report or pay the tax due as required by this section. The dissolution of a corporation does not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or pay tax due."

Further, an employer, defined in C.C. 361.06 to include a corporation, who fails to deduct and withhold such taxes and to pay them as they become due incurs a penalty of fifty percent of the amount of the unpaid tax, plus interest on the

amount of the unpaid tax pursuant to C.C. 361.37(a) and (b). Defendant urges that since the language of C.C. 361.24 does not refer specifically to penalty and interest, a responsible person is liable only for payment of the unpaid tax, not the additional penalty and interest. Inasmuch as the parties do not contest that the tax has now been paid in full, with only the penalty and interest remaining unpaid, defendant argues that the city is entitled to collect nothing further from him. For the following reasons, we disagree with defendant's contentions and affirm the judgment of the trial court.

Initially, although defendant urges that we so interpret it, the language at issue in C.C. 361.24 does not specify that the officer or employee charged with responsibility for filing the report and making payment is liable for the unpaid tax. Rather, the section makes said officer or employee personally liable for the "failure to file the report or pay the tax due." The difference in language is significant. The consequences of a corporation's failure to pay the withheld taxes is not only payment of the tax, but also payment of penalty and interest imposed under C.C. 361.37. To interpret C.C. 361.24 as defendant urges would in effect rewrite that section in language more limiting than that chosen by council in enacting the ordinance.

Further, the interpretation defendant urges would render that paragraph of C.C. 361.24 internally inconsistent. Under that section, the responsible officer or employee is personally liable for either failure to file a report or to pay the tax as due. Were we to interpret the ordinance as defendant suggests, then a responsible officer could not be charged with penalty or interest either for failure to file a report or pay the tax as due. The only consequence C.C. Chapter 361 specifies for failure to file a report under C.C. 361.24 is a penalty of $25 per month, not to exceed $150. Hence, under defendant's interpretation, the responsible officer or employee would become personally liable for nothing in the event he or she fails to file the report as required, thus rendering meaningless the imposition of personal liability on a responsible officer or employee for failure to file a report as required. Thus, defendant's construction of the ordinance is impermissible, as "significance and effect should, if possible, be accorded every word, phrase, sentence and part of an act." *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus.

Finally, defendant's interpretation could lead to the unseemly result that a corporation may escape the payment of penalty and interest for failure to pay taxes when due by shifting the responsibility to the responsible officer or employee, who, under defendant's interpretation of C.C. 361.24, would not be liable for payment of penalty and interest. While we do not suggest that all, or even many, corporations would so shift responsibility in order to evade payment

of penalty and interest, we are reluctant to open the Pandora's box suggested by defendant's argument.

Nonetheless, defendant relies heavily on *First Natl. Bank in Palm Beach v. United States* (C.A.5, 1979), 591 F.2d 1143, arguing that the court therein "construed an analogous section of the Internal Revenue Code * * * [and] determined that * * * a responsible person was liable for the withholding taxes not paid by their corporations, but not for penalties and interest assessed against the corporation for failure to pay withholding tax." Defendant's reliance on *First Natl. Bank* is misplaced.

In that case, the court did not construe an analogous section of the Internal Revenue Code. Rather, the court therein determined whether the government's allocation of the corporate funds on deposit between taxes, as opposed to penalty and interest, was appropriate. In so doing, the court acknowledged that under Section 6672, Title 26, U.S.Code, " * * * responsible persons may be liable for a 100 percent penalty for withholding taxes not paid by their corporation, but not for penalties and interest assessed against the corporation for failure to pay withholding tax." *Id.* at 1146. Indeed, the language of Section 6672, Title 26, U.S.Code, specifically states: "No penalty shall be imposed under section 6653 for any offense for which the section is applicable." Consequently, the court in *First Natl. Bank* was not dealing with language analogous to that in C.C. 361.24; it was not construing the language of Section 6672, Title 26, U.S.Code, but merely restating it; and it determined only "that the IRS acted improperly in applying partial deposits by ABC to later assessed interest and penalties, rather than to ABC's matured withholding obligation * * *." *Id.* *First Natl. Bank* does not support defendant's contentions.

For the reasons set forth herein, the arguments defendant posits in support of his appeal are unpersuasive. As a result, we overrule his single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

TYACK, J., concurs.

DESHLER, J., dissents.

DESHLER, Judge, dissenting.

Being unable to concur in the conclusion reached by the majority, I must respectfully dissent.

This case is one of construction of an ordinance of the city of Columbus. While I agree with the majority's posture regarding the issue before us, I cannot go as far as the majority in extending to the city the benefits of the ordinance. The

ordinance, in the area of withholding taxes, imposes a liability on an officer or employee for failure to file a report of taxes withheld and the code section at issue, C.C. 361.24, states the individual is "personally liable for failure to * * * pay the tax due as required by this section."

The ordinance does not expressly state that an individual is liable for interest and penalty. The fears of internal inconsistency in the administration of tax collections and the possible loss of revenue to the city, as indicated by the majority, are not, in my view, sufficient for us to enlarge by judicial interpretation the wording of the ordinance. The state, in R.C. 5747.07, has codified a policy relating to an employer's duty to withhold taxes and the impact of tax liability upon a sale of a business. In R.C. 5747.07(G), the following wording appears: " * * * he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid * * *." It is obvious in this instance the legislature has, by express terms, imposed the obligations of penalty and interest charges. In the case before us, the city has failed to do this.

I concur with the majority that the case cited by appellant, *First Natl. Bank in Palm Beach v. United States* (C.A.5, 1979), 591 F.2d 1143, is not directly applicable to the case *sub judice*. Appellant is however correct in calling to our attention *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph one of the syllabus, where the court stated:

"Strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed. * * *"

While I do not question the city's ability to impose the liability for paying penalty and interest, it is not for us to amend the deficiencies of the law by adding terms that are not apparent upon reading the ordinance. The amending of the code is a prerogative of city council. While the case involved another type of tax, it is enlightening to note that in the case of *Velez v. Div. of Taxation* (1989), 152 A.D.2d 87, 89, 547 N.Y.S.2d 444, 446, the court, in denying the government's effort to collect penalties and interest relating to a sales and use tax, stated: "Had the legislature intended to obligate bulk sale purchasers for the penalties and interest as well as the seller's taxes, it was free to draft legislation worded accordingly * * *."

Our decision in this case should be confined to a determination of the meaning of what is expressed in the ordinance and not what we conjecture was intended to be enacted by city council. The ordinance in question does not say that an individual is liable for interest and penalty in addition to taxes.

For the foregoing reasons, the assignment of error should be sustained and the decision of the trial court reversed.