DECISION
{¶ 1} Appellant, Cecil Weatherspoon, appeals from a judgment of the Franklin County Court of Common Pleas, finding him liable for taxes, penalties and interest owed by Toledo Professional Temps, Inc., formerly known as Flex Tech Professional Services, Inc. ("Flex Tech"), and sets forth the following assignments of error:
I. The trial court erred in permititng inadmissible testimony and evidence at trial which was prejudicial to appellant.
II. The trial court erred in holding appellant cecil weatherspoon personally responsible for tax[,] penalties, interest, and late fees of the corporation toledo professional temps, inc.
 {¶ 2} Appellee, City of Columbus, Division of Income Tax, has filed a cross-appeal and sets forth the following assignments of error:
1. The Trial Court Erred To The Prejudice Of The City In Granting The Motion For Relief From Judgment Of Defendant/Cross-Appellee Flex-Tech Professional Services, Inc., Kka Toledo Professional Temps, Inc., And Defendant/Appellant/Cross-Appellee Cecil Weatherspoon.
2. The Trial Court Erred In Denying The City's Motion For Sanctions Under Civ. R. 37 In Response To Cross-Appellees' Willful Violations Of The Discovery Rules And Judicial Order.
 {¶ 3} The city filed a complaint against Flex Tech for unpaid employee withholding taxes for the years 1999 and 2000. The complaint also alleged that Weatherspoon, as the officer responsible for filing the taxes, was personally liable. In June 2002, the trial court granted a default judgment in favor of the city in the amount of $63,811.60 against both parties. Weatherspoon and Flex Tech filed motions for relief from judgment pursuant to Civ.R. 60(B) on July 30, 2002. Although the trial court rendered a decision granting Civ.R. 60(B) relief and ordered the matter reinstated on the docket, no entry was ever filed.
 {¶ 4} In March 2003, the city again filed a motion for default judgment as a sanction for Weatherspoon and Flex Tech's failure to provide discovery. The trial court denied the motion for sanctions because counsel for the city failed to timely appear for the hearing.
 {¶ 5} Eventually Flex Tech filed for bankruptcy and the matter was stayed. Following Flex Tech's bankruptcy discharge, the case was reinstated as to Weatherspoon and only Weatherspoon is a party to this appeal. The trial court referred the matter to a magistrate who found that Weatherspoon was the Flex Tech officer having control or supervision or charged with the responsibility for filing Flex Tech's withholding tax returns and making payments. The magistrate concluded that, pursuant to Columbus City Code 361.24(H), Weatherspoon was personally liable for taxes, penalties and interest. Thus, the magistrate decided that judgment should be granted in favor of the city.
 {¶ 6} Appellant filed an objection to the magistrate's decision, objecting to all of the findings of fact and conclusions of law, raising essentially the same arguments raised in this appeal. Weatherspoon argued that the magistrate violated Loc.R. 43.02 and 43.04 of the Court of Common Pleas of Franklin County, General Division, by permitting a witness to testify who had not been disclosed by the city and admitting evidence that likewise had not been disclosed.
 {¶ 7} The trial court found that appellant had not complied with Civ.R. 53(D)(3)(c) by providing a transcript or affidavit in support of his objections. Thus, the trial court concluded it had no basis to review the findings of fact. The trial court also noted that the local rules provide an undisclosed witness may testify for good cause and, in the absence of a transcript or affidavit, it could not be determined whether the magistrate made an incorrect ruling. On the same basis, the trial court found Weatherspoon's objections to the admission of Exhibits A, B and C were without merit. Last, the trial court noted that Exhibit D was not part of the record before it.
 {¶ 8} Although appellant has provided this court with a transcript of the hearing before the magistrate, and Exhibit D is part of the appellate record, we may not properly consider it.State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728. Because appellant failed to provide the trial court with a transcript, the trial court did not err in adopting the magistrate's decision or in finding that the magistrate did not err in permitting an undisclosed witness to testify or admitting exhibits that had not been disclosed by the city. Appellant's first assignment of error is overruled.
 {¶ 9} In his second assignment of error, appellant argues that the trial court erred in finding that he was personally responsible for the payment of penalties, interest and late fees. This argument was rejected in Columbus Div. of Income Tax v.Schneider (1992), 84 Ohio App.3d 538. Appellant's second assignment of error is overruled.
 {¶ 10} In its first assignment of error on cross-appeal, the city argues that the trial court erred in granting the motion for relief from judgment in July 2002. While, as a rule, the granting of a motion for relief, pursuant to Civ.R. 60(B), is appealable, in this instance no entry was filed by the trial court and, therefore, there was no final appealable order. Hence, the issue is timely raised.
 {¶ 11} Civ.R. 60(B) provides, in part, as follows:
* * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *.
 {¶ 12} Civ.R. 60(B) is a remedial rule that must be liberally construed. Colley v. Bazell (1980), 64 Ohio St.2d 243. In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must show that: (1) he has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time.
 {¶ 13} The issue to be decided on appeal from the granting or denial of a motion for relief from judgment, pursuant to Civ.R. 60(B), is whether the trial court abused its discretion. Stateex rel. Freeman v. Kraft (1980), 61 Ohio St.2d 284. Although a trial court is granted discretion, that discretion is not unbridled. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 14} The trial court found the motion was filed within a reasonable time, inasmuch as it was filed within six weeks of the date of the default judgment. The trial court further found that appellant was entitled to relief based on excusable neglect. Weatherspoon stated in his affidavit that the mail for Flex Tech was frequently co-mingled with mail for Commodity Management Company, another business sharing the same address; that Sarah Bentram, who signed the certified mail receipt, had no authority to accept service of process, or to act on behalf of Flex Tech or Weatherspoon; and that a copy of the complaint was never received. Last, the trial court correctly noted that, for purposes of a motion pursuant to Civ.R. 60(B), a meritorious defense is not synonymous with a successful defense. The court found appellant asserted a meritorious defense by disputing receipt of service, the amount due and whether the ordinance holding Weatherspoon personally liable was constitutional. While we recognize that this court had decided the issue of personal liability for unpaid corporate taxes in favor of the city, that decision was by a divided court.
 {¶ 15} Therefore, we find the trial court did not abuse its discretion in granting relief from judgment and appellee's first assignment of error on cross-appeal is overruled.
 {¶ 16} In its second assignment of error on cross-appeal, the city argues the trial court abused its discretion in failing to award default judgment, pursuant to Civ.R. 37, as a sanction for appellant's failure to provide discovery. In its entry, the trial court stated a sanction hearing was set for 8:45 a.m., at which time counsel for Weatherspoon and Flex Tech was present, but counsel for the city arrived late. The city cannot complain the court abused its discretion in failing to award sanctions when it failed to timely appear at a hearing scheduled to decide its own motion. Appellee's second assignment of error on cross-appeal is overruled.
 {¶ 17} For the foregoing reasons, appellant's first and second assignments of error are overruled, appellee's first and second assignments of error on cross-appeal are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Klatt, JJ., concur.