OPINION
{¶ 1} Respondent-appellant Thomas L. Chapman appeals from a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, overruling his Civ. R. 60(B) motion for relief from judgment filed on August 27, 2004. A hearing was held on said motion on June 29, 2005. On August 10, 2005, the trial court issued a written decision denying the motion. Thomas filed a notice of appeal with this Court on August 29, 2005.
 I {¶ 2} We set forth the history of the case in Chapman v.Chapman (May 7, 2004), Montgomery App. No. 19677,2004-Ohio-2318, and repeat it herein in pertinent part:
 {¶ 3} "On May 29, 2002, Catherine [Chapman] sought a civil protection order against Thomas. On June 4, 2002, a hearing was held before a magistrate. During the hearing, Catherine and Thomas testified regarding several incidents during which Thomas allegedly had threatened her. * * *"
 {¶ 4} "On June 26, 2002, the magistrate issued a permanent civil protection order, based on the events in 2000 and 2002. The magistrate, alluding to a `subjective standard,' granted the order based on Catherine's perception that Thomas' actions represented a threat to her. Thomas filed objections to the magistrate's decision. He argued that the magistrate erred in failing to take into account `objective' testimony which contradicted Catherine's perception of events."
 {¶ 5} "On November 19, 2002, the trial court overruled the objections, finding that the magistrate had competent, credible evidence to support the issuance of the order. The court noted that the magistrate had the best opportunity to evaluate the credibility and demeanor of the witnesses * * *."
 {¶ 6} On May 7, 2004, we issued our decision in Chapman I, supra, wherein we concluded that the issuance of the civil protection order against Thomas was neither an abuse of discretion nor against the manifest weight of the evidence. We affirmed the decision of the trial court and upheld the validity of the civil protection order granted by the magistrate.
 {¶ 7} In light of our ruling in Chapman I, Thomas filed a Civ. R. 60(B) motion for relief from judgment with the trial court citing the following reasons as grounds for relief: 1) that a mistake occurred during the civil protection hearing rendering the ultimate judgment unfair; 2) that familial circumstances have changed which preclude prospective application of the civil protection order; and 3) that Thomas was deprived of his right to due process because of his counsel's ineffective assistance at the evidentiary hearing. As previously mentioned, the trial court held a hearing on Thomas' Civ. R. 60(B) motion on June 29, 2005, and on August 10, 2005, the trial court issued a written decision denying said motion.
 {¶ 8} It is from this judgment that Thomas now appeals.
 II {¶ 9} Thomas' first assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN REFUSING TO RELIEVE MR. CHAPMAN FROM THE CIVIL PROTECTION ORDER AGAINST HIM."
 {¶ 11} In his only assignment of error, Thomas contends that the trial court abused its discretion when it denied his Civ. R. 60(B) motion for relief from judgment with respect to the civil protection order filed by Catherine in May, 2002. Initially, Thomas argues that he was entitled to relief from the order based on his counsel's failure to enter psychological reports from the divorce proceeding into evidence at the civil protection order hearing. Thomas next asserts that in light of a change in circumstance rendering the civil protection order unnecessary, the trial court erred when it denied his motion for relief from judgment. Lastly, Thomas argues that pursuant to Civ. R. 60(B)(5), his due process rights were violated by his counsel's ineffective assistance at the civil protection order hearing. Since the first and third prongs of Thomas' assignment are interrelated, they will be discussed together.
 {¶ 12} In order to obtain relief from judgment pursuant to Civ. R. 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146,351 N.E.2d 113.
 {¶ 13} Civ. R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done. Colley v.Bazell (1980), 64 Ohio St.2d 243, 416 N.E.2d 605. A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this court absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,514 N.E.2d 1122. The Supreme Court of Ohio has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 14} In the first prong of Thomas' Civ. R. 60(B) motion, he argues that his counsel's "mistake" in failing to properly enter into evidence certain psychological reports at the civil protection hearing precluded him from demonstrating that Catherine has a history of mental illness and emotional instability which seriously undermines her parenting ability. Thomas argues that had he been able to utilize the reports at the hearing, the civil protection order would not have been granted against him.
 {¶ 15} In the third prong of his motion, Thomas contends that he is entitled to relief pursuant to Civ. R. 60(B)(5) becuase his due process rights were violated through his counsel's ineffective assistance at the hearing. Examples of his counsel's ineffective representation include the failure to enter the psychologists' reports into evidence at the hearing, the failure to subpoena the doctors who authored the reports, and the failure to subpoena others who allegedly witnessed Catherine's hostile and irrational behavior towards Thomas and the children. Thomas argues that his counsel's numerous failures compromised his ability to defend himself and "thereby undermined the fundamental fairness of the proceeding."
 {¶ 16} Throughout his brief, Thomas uses the terms "mistake" and "excusable neglect" interchangeably to describe the conduct of his trial counsel. For the purposes of this opinion, we will analyze defense counsel's conduct under the standard for excusable neglect as set out in Civ. R. 60(B)(1).
 {¶ 17} Generally, the neglect or misconduct of a party's attorney will be imputed to the party for the purposes of Civ. R. 60(B)(1). Argo Plastic Prods. Co. v. Cleveland (1984),15 Ohio St.3d 389, 474 N.E.2d 328. Because parties to a civil action voluntarily choose their own attorneys, they cannot avoid the consequences of the acts or omissions of their freely selected representative. GTE Automatic Electric, supra at 152, quotingLink v. Wabash R.R. Co. (1962), 370 U.S. 626, 633-634,82 S.Ct. 1386. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer/agent * * *." Id. If an attorney's representation falls substantially below what is reasonable under the circumstances, the client's remedy is against that attorney in a suit for malpractice. Id., quotingLink, supra at 634. Any other remedy would amount to "visiting the sins" of the attorney of the moving party upon the innocent party. Id. Thus, granting relief from a judgment due to an attorney's misconduct would contradict the purpose of Civ. R. 60(B) — to afford relief in the interests of justice. ArgoPlastic Prods. Co., supra at 393.
 {¶ 18} If we are to take Thomas' allegations as true, his counsel at the civil protection hearing neglected to perform the basic duties of his representation. Such conduct is not "excusable" when discussed within the context of a Civ R. 60(B)(1) motion for relief from judgment. See Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102. Thomas' remedy in the instant matter, if any, lies elsewhere.
 {¶ 19} Additionally, Thomas' assertion that he is entitled to relief from judgment under Civ. R. 60(B)(5), the catch-all provision, fails for the following reasons. "Civ. R. 60(B)(5) applies only when a more specific provision does not apply."Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914. Here, Thomas argues that he is entitled to relief under Civ. R. 60(B)(5) in light of the numerous examples of his counsel's incompetence at the hearing on the civil protection order. Because the more specific provision of Civ. R. 60(B)(1) applies to these circumstances, Thomas cannot rely on the catch-all provision of Civ. R. 60(B)(5) as grounds for relief. Swan v.Swan (Sept. 6, 2005), Franklin App. No. 04AP-1089, 2005-Ohio-4636. Again, Thomas' remedy lies elsewhere.
 {¶ 20} Lastly, Thomas argues that pursuant to Civ. R. 60(B)(4), a change of circumstances has occurred with respect to the instant matter obviating the need for the civil protection order. In his brief, Thomas points out that when the civil protection order was originally put in place, he had custody of his two youngest daughters, K.C. and E.C. Shortly thereafter, Thomas and Catherine entered into an agreement designating Catherine as the custodial parent for K.C. while Thomas remained the custodial parent of E.C. While Thomas still enjoys standard visitation rights with K.C., he complains that the existence of the civil protection order "makes it difficult" to maintain contact with his daughter. Moreover, Thomas argues that over two years have elapsed without incident since the civil protection order was issued, and the parties exchange the children for visitation at the police station. Thus, Thomas argues that there is no need for an order to protect Catherine from him. We disagree.
 {¶ 21} In order for a party to succeed under Civ. R. 60(B)(4), he must show that "* * * it is no longer equitable that the judgment should have prospective application." Of importance here are the words "no longer," referring to the change in condition that is required to make continued enforcement of the judgment inequitable. Crouser v. Crouser (1988),39 Ohio St.3d 177, 529 N.E.2d 1251. Moreover, Civ. R. 60(B)(4) was designed to provide relief when those changed circumstances were not foreseeable, and not within the control of the parties. Id.; See also Wurzelbacher v. Kroeger (1974), 40 Ohio St.2d 90, 92,320 N.E.2d 666, 667-668. "The purpose of Civ. R. 60(B)(4) is to relieve a party from judgment that will clearly result in an inequitable burden to that party because of unforeseen circumstances, and for which inequity there exists no other means of review." Crouser, supra.
 {¶ 22} After a thorough review of the record in this matter, we fail to see any connection between E.C's change in custody to Thomas and the issuance of the civil protection order. The civil protection order was issued to protect Catherine from further abusive behavior from Thomas. There have never been any allegations that Thomas mistreats his children. Simply put, the custody modification is not the type of change in circumstance contemplated by Civ. R. 60(B)(4). Additionally, the fact that Thomas has been abiding by the terms of the civil protection order issued against him is not a reason to terminate the order. To find otherwise would be tantamount to allowing an individual with a mandatory two years of probation to be relieved of said burden after only a year merely because he has been abiding by the terms of his release.
 {¶ 23} The trial court's judgment overruling Thomas' Civ. R. 60(B)(4) motion, however, is silent with respect to its ultimate reasoning for doing so. Despite this fact, the trial court is entitled to a presumption of correctness and a presumption that the court knew the law and acted accordingly. Fletcher v.Fletcher (1994), 68 Oho St.3d 464, 468, 628 N.E.2d 1343. A reviewing court will presume the validity of a judgment so long as there is evidence in the record to support it. Id. As already noted above, there is ample evidence in the record to support the trial court's denial of the Civ. R. 60(B)(4) portion of Thomas' motion for relief from judgment. Thus, the trial court did not abuse its discretion when it overruled said motion.
 {¶ 24} In the instant case, Thomas did not allege facts to support any Civ. R. 60(B) ground for relief, and on balance, we conclude that the trial court did not abuse its discretion in denying his Civ. R. 60(B) motion.
 {¶ 25} Thomas sole assignment of error is overruled.
 III {¶ 26} Thomas' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, J., concurs.