OPINION
{¶ 1} Defendant-appellant, Carolyn Kuska, appeals from a judgment of the Franklin County Court of Common Pleas overruling her Civ.R. 60(B) motion to vacate the default judgment granted to plaintiff-appellee, National City Bank ("National"). Defendant assigns a single error on appeal:
THE TRIAL COURT ERRED IN DENYING [DEFENDANT'S] MOTION FOR RELIEF FROM JUDGMENT.
Because defendant failed to demonstrate she is entitled to relief pursuant to Civ.R. 60(B)(1) or (5), we affirm.
 {¶ 2} On April 5, 2005, National filed a lawsuit against defendant and Michael A. Calvey. According to the complaint, National employed Calvey to handle financial affairs on behalf of National's customer, Jodi Maxton. Defendant, who resided at the same address as Calvey, also knew Maxton. National's complaint alleges that defendant and Calvey misappropriated $125,028.52 of Maxton's funds.
 {¶ 3} In April 2005, National attempted to serve the complaint on defendant by certified mail sent to 570 Woodview Road, Westerville, Ohio 43081. After two notices on April 15, 2005 and April 20, 2005, the certified mail summons was returned unclaimed. On June 10, 2005, service by ordinary mail was completed at the Woodview address. Because defendant failed to answer within 28 days of the ordinary mail service, National moved for a default judgment in the amount prayed for in the complaint. On July 22, 2005, the trial court granted National's motion and entered judgment against defendant.
 {¶ 4} On August 17, 2005, defendant moved for relief from judgment pursuant to Civ.R. 60(B)(1) or (5). The trial court denied defendant's motion, finding defendant failed to identify any circumstances that prevented her from filing a timely answer. On appeal, defendant asserts the trial court erred in concluding she failed to set forth a factual basis for relief from judgment under Civ.R. 60(B)(1) or (5).
 {¶ 5} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. Perry v. Gen. Motors Corp.
(1996), 113 Ohio App.3d 318, citing GTE Automatic Elec. Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146. Where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), the motion must be made within one year after the judgment, order or proceeding was entered or taken. Id. To warrant a hearing on the motion, a party seeking relief from judgment is not required to submit evidentiary materials so long as the movant sets forth with sufficient specificity facts that, if true, would justify relief. Waterford Tower Condominium Assn. v. TransAmerica RealEstate Group, Franklin App. No. 05AP-593, 2006-Ohio-508, citingYour Financial Community of Ohio, Inc. v. Emerick (1997),123 Ohio App.3d 601.
 {¶ 6} The decision to grant or deny a Civ.R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. Id. The term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464. Where a meritorious defense is presented and the motion is timely, doubts regarding whether excusable neglect exists should be resolved in favor of the motion so that cases can be decided on their merits.GTE, supra.
 {¶ 7} Because the parties agree that defendant meets the first and third prongs of GTE, the issue in the present appeal resolves to whether defendant is entitled to relief pursuant to one of the grounds stated in Civ.R. 60(B)(1) or (5). Civ.R. 60(B) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * * or (5) any other reason justifying relief from judgment."
 {¶ 8} "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply."Kay v.Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, quoting GTE,
supra. Nevertheless, the Supreme Court "previously defined `excusable neglect' in the negative and * * * stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.' "Kay, at 20. Unusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event she later seeks to excuse, the neglect is not excusable. National City Bank v. Kessler,
Franklin App. No. 03AP-312, 2003-Ohio-6938. Nonetheless, the concept of excusable neglect must be construed in keeping with the notion that Civ.R. 60(B)(1) is a remedial rule to be construed liberally. Perry, supra. "[A] determination of excusable neglect will turn on the facts and circumstances presented in each case." Hopkins v. Quality Chevrolet, Inc.
(1992), 79 Ohio App.3d 578, 582, citing Colley v. Bazell
(1980), 64 Ohio St.2d 243.
 {¶ 9} Within those parameters, defendant argues she is entitled to relief from judgment due to excusable neglect because she was traveling between Columbus and northern Ohio to care for her mother during the time National attempted to serve her. Further, because her mail was being collected for her, defendant claims she was not aware of the complaint filed against her. Defendant contends that although her motion for relief from judgment states she received the complaint "sometime in June," she did not open the envelope until sometime in July. Specifically, defendant maintains she traveled to Florida during a portion of July, and upon her return she retrieved her mail and discovered the envelope containing the complaint. Upon opening the envelope defendant retained counsel and sought relief from judgment.
 {¶ 10} Courts have found excusable neglect in situations where a defendant demonstrates he or she did not receive the complaint or failed to appear in the action for a legitimate reason. Columbus v. Flex Tech Professional Serv., Franklin App. No. 04AP-417, 2004-Ohio-6255 (finding excusable neglect under Civ.R. 60[B][1] where defendant's affidavit demonstrated that the company's mail often was co-mingled with mail for another business sharing the same address, and the person who signed the certified mail receipt while the defendant was out of town had no authority to do so); Rucker v. Cvelbar Body and Paint Co. (Dec. 7, 1995), Cuyahoga App. No. 68573 (finding excusable neglect for failure to appear at trial where the campaigning attorney misplaced his monthly calendar, and nothing on attorney's part demonstrated a disrespect or disregard for the court or his opponent).
 {¶ 11} Here, however, neither defendant's memorandum in support of her motion, nor the attached affidavit, sets forth with sufficient specificity the circumstances that prevented her from filing a timely answer, as neither provides any specific dates defendant was out of town. In the end, defendant's motion and attached affidavit fail to demonstrate not only when she was out of town, but who was collecting her mail and why defendant or the one collecting defendant's mail did not sort through the mail prior to sometime in July. Accepting that defendant was out of town for part of the response time does not mean she was unable to answer the complaint. Kessler, supra. In essence, defendant fails to sufficiently connect her travel to her failure to answer.
 {¶ 12} Moreover, we cannot ignore that both the April unclaimed certified mail service and the ordinary mail service were sent to the same address. Defendant received two notices regarding the certified mail and failed to claim it, and nothing in defendant's motion or attachment suggests she was traveling in April. Apparently aware of the attempt to serve her in April, she nonetheless ignored until July the summons and complaint she admits she received in June. In order to meet the provisions of Civ.R. 60(B)(1), defendant must provide more than a conclusory assertion that her neglect was excusable. Defendant has not demonstrated that she could not control or guard against the happening of the event she now seeks to excuse. Kessler, supra. Accordingly, defendant's neglect is not excusable under Civ.R. 60(B)(1).
 {¶ 13} Defendant also claims she is entitled to relief under Civ.R. 60(B)(5), the catch-all provision. Civ.R. 60(B)(5), however, applies only when a more specific provision does not.Chapman v. Chapman, Montgomery App. No. 21244, 2006-Ohio-2328, quoting Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Defendant does not provide any reason why she is entitled to relief other than her neglect, which she contends is excusable. Because the more specific provision of Civ.R. 60(B)(1) applies to defendant's circumstances, defendant cannot rely on Civ.R. 60(B)(5). Accordingly, defendant's assignment of error is overruled.
 {¶ 14} Having overruled defendant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and Sadler, JJ., concur.