OPINION
{¶ 1} Defendant-appellant, Dimeche Veljanovski ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his motion to set aside default judgment and for relief from judgment.
 {¶ 2} On October 11, 2005, plaintiff-appellee, Johanna Boling ("appellee"), initiated this personal injury action against the business entity of Dimeche Vlado, Inc. ("the corporation"), and appellant as an individual based on a slip and fall that occurred on or about December 19, 2003. Service was perfected on appellant on October 25, *Page 2 
2005, and on the corporation on November 14, 2005, both via certified mail. No answer having been filed or appearances having been made, appellee moved for default judgment on January 26, 2005. The certificate of service reflects the motion for default judgment was sent to the corporation and to appellant at his residence; this being the same address upon which service was perfected on appellant.
 {¶ 3} The trial court granted appellee's motion for default judgment on February 21, 2006, and set the matter for a damages hearing. After several continuances, a damages hearing was held before a magistrate on June 23, 2006. On June 27, 2006, the magistrate issued a decision and awarded a total of $174,666.41 in damages. The magistrate noted that present at the hearing were appellee, her counsel, and "counsel for [d]efendants[.]" No objections were filed regarding the magistrate's decision, and the trial court adopted the magistrate's decision by entry on August 1, 2006.
 {¶ 4} On August 11, 2006, appellant filed his motion for relief from judgment pursuant to Civ.R. 60(B)(1), arguing that he has a meritorious defense, that he is entitled to relief due to mistake, inadvertence, surprise or excusable neglect, and that his motion is timely. The trial court denied appellant's motion without an evidentiary hearing on January 25, 2007. This appeal followed, and appellant brings the following two assignments of error for our review:
 Appellant's First Assignment of Error:
 THE LOWER COURT ABUSED IT'S DISCRETION WHEN IT RENDERED THE "DECISION AND ENTRY DENYING RULE 60(B) MOTION OF DEFENDANT DIMECHE VELJANOVSKI TO VACATE DECISION AND ENTRY OF FEBRUARY 21, 2006, GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT AND LEAVE TO FILE ANSWER FILED AUGUST 11, 2006." *Page 3 
 Appellant's Second Assignment of Error:
 THE LOWER COURT ABUSED ITS DISCRETION WHEN IT RENDERED THE "DECISION AND ENTRY DENYING RULE 60(B) MOTION OF DEFENDANT DIMECHE VELJANOVSKI TO VACATE DECISION AND ENTRY OF FEBRUARY 21, 2006, GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT AND LEAVE TO FILE ANSWER FILED AUGUST 11, 2006" AND DID SO WITHOUT A HEARING.
 {¶ 5} Because both assignments of error stem from the trial court's denial of appellant's motion for relief from judgment, we address them together.
 {¶ 6} Civ.R. 60(B) governs motions for relief from judgment and provides:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
 {¶ 7} The Supreme Court of Ohio set forth the requirements for prevailing on a Civ.R. 60(B) motion in GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. *Page 4 
60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 8} The determination of whether to grant a Civ.R. 60(B) motion is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion. SeeMoore v. Emmanuel Family Training Ctr (1985), 18 Ohio St.3d 64, 66. This court has explained that an abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue. McGee v. C S Lounge (1996), 108 Ohio App.3d 656,660. Rather, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Cuervo v. Snell (1998), 131 Ohio App.3d 560, 569. Instead, the movant bears the burden of demonstrating that he is entitled to a hearing on the motion. Id. To warrant a hearing on his Civ.R. 60(B) motion, the movant must allege "operative facts which would warrant relief under Civil Rule 60(B)." Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. Thus, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of theGTE test, i.e., that the movant has a meritorious defense and is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5) and that the motion was made within a reasonable time. If the movant fails to allege operative facts with respect to each of these elements, the court is not required to hold an evidentiary hearing.State ex rel. Richard v. Seidner (1997), 78 Ohio St.3d 116, 117. *Page 5 
 {¶ 10} Appellant moved for relief from judgment pursuant to Civ.R. 60(B)(1), which permits relief from judgment based on "mistake, inadvertence, surprise or excusable neglect[.]" The trial court did not address the first GTE factor, i.e., the existence of a meritorious claim or defense, or the third factor, i.e., the timeliness of the motion. Nevertheless, we conclude that appellant has satisfied both factors. Our review of the record shows that appellant produced evidence, including his affidavit to defend against appellee's claims. Also, it is clear that the motion for relief from judgment was timely as it was made within a few weeks of the August 1, 2006 judgment. Given the foregoing, the outcome of this case is dependent upon whether appellant demonstrated that he is entitled to relief pursuant to Civ.R. 60(B)(1), and alleged operative facts so as to warrant an evidentiary hearing.
 {¶ 11} "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply." Nat'l City Bank v. Calvey, Franklin App. No. 05AP-1229, 2006-Ohio-3101, discretionary appeal not allowed by 111 Ohio St.3d 1470, 2006-Ohio-5625, at ¶ 8, quotingKay, supra at 20, quoting GTE, supra. Nevertheless, the Supreme Court of Ohio has "previously defined `excusable neglect' in the negative and * * * stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.' "Kay, at 20. "A trial court does not abuse its discretion in overruling a Civ.R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, if it is evident from all the facts and circumstances in the case that the conduct of the defendant, combined with the conduct of those persons whose conduct is imputed to the defendant, exhibited a disregard for the judicial system and the rights of the plaintiff." Griffey v. Rajan (1987), 33 Ohio St.3d 75, syllabus. "What constitutes *Page 6 
excusable neglect is determined from all the surrounding facts and circumstances." Boston v. Parks-Boston, Franklin App. No. 02AP-1031, 2003-Ohio-4263, at ¶ 8, quoting Stuller v. Price, Franklin App. No. 02AP-29, 2003-Ohio-583, at ¶ 12.
 {¶ 12} Appellant contends the history of this litigation "provides clear proof of the excusable neglect and mistake element" in his claim for relief. (Appellant's brief at 3.) The history appellant eludes to is the action filed in May 2004 ("2004 complaint"), concerning appellee's slip and fall. The 2004 complaint named Bitola Bar Grill ("Bitola"), as the sole defendant. Bitola is a fictitious name controlled by Dimeche Vlado, Inc. Appellant, the statutory agent for Bitola, signed for the complaint at his personal residence. No answer was filed and a default judgment was obtained on August 13, 2004. After a damages hearing, appellee was awarded $224,666.38. Thereafter, collection efforts began.
 {¶ 13} Appellant states in his affidavit that he brought the 2004 complaint to the attention of corporate counsel, but for reasons unknown, a default judgment was obtained and collection efforts began. Appellant further states he believed the documents he began receiving in October 2005 were merely those relating to the 2004 complaint and already brought to his counsel's attention, despite the documents naming appellant and the corporation as defendants and being addressed to the same. Appellant contends his understanding of the facts of the complaint filed in October 2005 were further complicated by the fact he did not "personally" receive the complaint because someone else at this residence signed for the certified mail, which was addressed to him personally. Finally, appellant states in his affidavit that he brought all pleadings to the attention of his counsel's office, "which included the `05 litigation when it was finally served on me as the *Page 7 
statutory agent for the corporation." (Affidavit at 3.) However, appellant states he was unaware and never informed he was personally named in the litigation initiated in 2005.
 {¶ 14} It is undisputed that service of the 2005 complaint was perfected on both appellant and the corporation. Appellant also admits to taking all documents, including the 2005 complaint and motion for default judgment to his attorney's office. Appellant's position is that he was "confused" about the litigation commenced in 2005 because of the prior 2004 litigation that resulted in a default judgment for failure to file an answer, and because he was not aware he was being sued individually and/or that counsel was not attending to the matter. According to appellant, the circumstances present here clearly establish excusable neglect and mistake. There are two explanations for why we find no abuse of discretion in the trial court's determination that appellant's motion failed to establish mistake or excusable neglect and that he is entitled to relief pursuant to Civ.R. 60(B)(1).
 {¶ 15} First, "ignorance of legal requirements or inexperience with legal matters does not constitute excusable neglect." United Bank Trust v. Kaufman, Wood App. No. WD-05-074, 2006-Ohio-2346, at ¶ 12, citing Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 137. See, also, Curry v. J. Bowers Constr, Inc. (Feb. 28, 2001), Summit App. No. 20287 (lack of familiarity with judicial system as lay person is not a decisive factor in determining excusable neglect where circumstances should have alerted one to the need to act promptly); Roe v. Nicholas (Apr. 26, 2001), Guernsey App. No. 00CA32 (failure to plead and/or seek legal advice after admittedly receiving complaint not excusable neglect under Civ.R. 60[B][1]); Globe Am.Casualty Co. v. Lindsay (Sept. 28, 2001), Franklin App. No. 01AP-176 (lack of understanding the concept of *Page 8 
default judgment did not constitute excusable neglect, thus the trial court abused its discretion in granting the motion for relief from judgment); Suburban Builders Supply Co. v. Lachman (Jan. 4, 1996), Cuyahoga App. No. 68880 (lack of understanding of the law is not an excuse to disregard service of a lawsuit); Walton Constr. Co. v.Perry (Oct. 25, 1996), Montgomery App. No. 15707 (where summons clearly put defendant on notice that default judgment would be taken if no answer filed with court, failure to file answer deemed inexcusable within contemplation of Civ.R. 60[B][1]).
 {¶ 16} Second, "as a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)."GTE, syllabus paragraph four; Calvey, supra; Boston, supra;Rodriguez v. Rhodman (Aug. 17, 2000), Franklin App. No. 99AP-1235.
 {¶ 17} Applying the law to the facts contained herein, we find the trial court properly considered all of the surrounding facts and circumstances, and did not abuse its discretion in determining that based on such facts and circumstance, appellant failed to establish that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Whether appellant read and did not understand the complaint and motion for default judgment naming him as a defendant, or whether he chose to simply give them to corporate counsel without reading them does not constitute mistake or excusable neglect in light of the above-cited precedent. Also, though there is no explanation as to why counsel took no action in either lawsuit until after judgments were taken, despite appearing at the damages hearing in the 2005 litigation, such is largely irrelevant given that generally the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1). This is especially applicable where a default judgment for *Page 9 
counsel's failure to file an answer has been obtained in a separate lawsuit just a year prior.
 {¶ 18} Though not raised in his motion for relief from judgment, appellant states in his appellate brief that regardless of any Civ.R. 60(B)(1) reason, he is entitled to relief pursuant to Civ.R. 60(B)(5), the catchall provision. Civ.R. 60(B)(5), however, applies only when a more specific provision does not. Calvey, supra, at ¶ 13, citingChapman v. Chapman, Montgomery App. No. 21244, 2006-Ohio-2328, quotingStrack v. Pelton (1994), 70 Ohio St.3d 172, 174. Appellant does not provide a reason for why he is entitled to relief other than his asserted mistake or excusable neglect. Because the more specific provision of Civ.R. 60(B)(1) applies to appellant's circumstances, appellant cannot rely on Civ.R. 60(B)(5).
 {¶ 19} Finally, since appellant did not allege facts to establish a Civ.R. 60(B) ground for relief, the trial court did not abuse its discretion in failing to hold an evidentiary hearing. Accordingly, we overrule appellant's first and second assignments of error.
 {¶ 20} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 FRENCH and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1