OPINION
{¶ 1} Plaintiff-appellant Ronald G. Cochran ("Cochran") brings this appeal from the judgment of the Court of Common Pleas of Hardin County denying his motion for relief from judgment pursuant to Civ. R. 60(B). For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On November 22, 1997, Cochran was employed by defendant-appellee Meritor Automotive ("Meritor") and suffered a work related injury. Cochran filed a claim for relief due to a back injury and the claim was granted. Five years later, Cochran filed a motion requesting that his workers' compensation claim be amended to allow for major depression. Another motion was filed in 2003 to allow for compensation for anxiety disorder and post traumatic stress disorder. Both motions for coverage due to psychological conditions were denied. Cochran subsequently filed administrative appeals of both denials with the trial court. The appeals were consolidated into case number 20041257 CVD. *Page 3 
 {¶ 3} While the appeals were pending, the parties participated in settlement negotiations. An agreement was reached and documents were forwarded by Meritor to Cochran for his signature. Cochran's attorney notified the trial court in writing of the settlement on October 20, 2005, and indicated that a settlement entry would follow soon. The trial court then sent a letter to all parties on December 1, 2005, requesting a copy of the entry. The record is silent as to whether any party contacted the trial court in response to this letter. On December 21, 2005, the trial court dismissed the appeal on its own motion and copies were sent to all parties. No objection to this dismissal appears on the record for more than two years.
 {¶ 4} On February 1, 2008, Cochran filed a Civ. R. 60(B)(4, 5) motion for relief from judgment. Cochran claimed that the settlement agreement contained a provision for Meritor to continue providing him with insurance. However, prior to the execution of the settlement agreement, Meritor informed Cochran that his medical insurance would be dropped. Cochran did not sign the settlement agreement because he considered the medical insurance to be a key part of the agreement. The trial court overruled the motion on February 22, 2008. Cochran appeals from this judgment and raises the following assignment of error.
 The trial court abused its discretion by denying [Cochran's] motion for relief from judgment under Civ. R. 60(B)(5) when the *Page 4 trial court itself erred by dismissing the case due to settlement when no settlement existed.
 {¶ 5} Cochran's sole assignment of error is that the trial court abused its discretion by denying his motion for relief from judgment pursuant to Civ. R. 60(B)(5).
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
Civ. R. 60(B). "To prevail upon a motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec. V. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 150-51, 351 *Page 5 
N.E.2d 113. If any of the above prongs are not met, the motion for relief should not be granted. Id. The determination as to whether to grant relief from judgment is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Boling v.DiMeche Vlado, Inc., 10th Dist. No. 07AP-146,2007-Ohio-5795, ¶ 8.
 {¶ 6} The third prong set forth in GTE and in Civil Rule 60(B) is that the motion be timely filed. The movant bears the burden of setting forth operative facts demonstrating that the motion was filed within a reasonable time. Tabor v. Tabor, 7th Dist. No. 02-CA-73, 2003-Ohio-1432, ¶ 19. "Factors a court should consider when determining whether the motion was filed within a reasonable time include the absolute length of time before the Civ. R. 60(B) motion is filed, what caused the delay in making the motion, whether the delay was reasonable, the burden on the nonmoving party of asserting its claim after relief has been granted, the likelihood the movant will prevail on the merits of the motion, what has intervened between the judgment and the motion, and the individual equities involved if the motion is meritorious." Id. at ¶ 23.
 {¶ 7} In this case, the judgment from which Cochran seeks relief was filed on December 21, 2005. He did not file his motion for relief until February 22, 2008. Thus, more than 2 years had passed between the judgment and the motion. A review of the motion reveals that Cochran's basis for seeking relief is that no *Page 6 
settlement was reached, therefore the trial court erred in dismissing the claim due to a settlement. Cochran explains why the settlement failed. However, Cochran fails to provide any explanation why he did not file for relief from judgment for more than two years even though he claims he knew at the time of the judgment that no agreement would be reached. Instead he merely says that it is timely filed. Without any explanation for the two year delay, this court cannot find that the trial court erred in finding that the motion was not timely filed.
 {¶ 8} Even if the motion was timely filed, Cochran still has to meet the second prong of GTE, that one of the grounds for relief is present. There is no claim of newly discovered evidence (Civ. R. 60(B)(2)), fraud (Civ. R. 60(B)(3)), or that the judgment had been discharged (Civ. R. 60(B)(4)). Cochran's motion does allege that the trial court entered judgment based upon a mistake of fact, i.e. that a settlement agreement had been entered by the parties. However, this claim must be raised within one year, which did not occur. Cochran also claims that since the trial court's judgment was based upon a mistake of fact, he should be granted relief in the interest of justice. Although he is correct about the mistake, it is a mistake of which Cochran was fully aware for more than two years, but took no action to remedy. Thus, the delay cannot be excused as reasonable and the trial court did not err by overruling the motion for relief from judgment. The assignment of error is overruled. *Page 7 
 {¶ 9} The judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment Affirmed
 PRESTON and ROGERS, J.J., concur. *Page 1