DECISION AND JUDGMENT
{¶ 1} In this appeal from a judgment of the Lucas County Court of Common Pleas we are asked to determine whether the trial court abused its discretion in denying appellant's motion for relief from judgment. *Page 2 
 {¶ 2} On June 9, 2006, appellant, Christine J. Hai, filed a complaint[1] seeking injunctive relief and damages from appellees, Flower Hospital, Flower Memorial Hospital, Promedica Health Education and Research, and Jeanine Huttner, M.D. Appellant maintained that she was employed by Flower Hospital as a resident physician in that hospital's Family Practice Residency Program, but that her employment was terminated in March 2004 because she failed the "USMLE III" examination and did not meet certain performance criteria. Appellant's claims are based upon a breach of the residency contract between herself and appellees, as well as discrimination in violation of the federal Family Medical and Leave Act and R.C. Chapter 4112.
 {¶ 3} Appellant's complaint was filed by an Ohio attorney, Kollin L. Rice, who subsequently requested to withdraw from the case, stating that he was retained on June 6, 2006, for the sole purpose of refiling this cause in a timely manner. In his motion to withdraw, Rice noted that appellant's New Jersey attorney, Matthew Jeon, "remains on the case and is familiar with its present status, in fact more so, than is Rice." The court granted Attorney Rice's motion to withdraw on June 9, 2006. At that point, appellant was represented solely by Attorney Jeon. Therefore, in the June 9, 2006 order, the court instructed appellant to obtain "new local counsel on or before July 14, 2006, or face potential sanctions, including the dismissal of this action." *Page 3 
 {¶ 4} Appellees filed their answer on July 20, 2006. The certificate of service for the complaint indicates that both Rice and Jeon were served with a copy of appellees' answer. On August 8, 2006, the trial court dismissed the instant cause due to appellant's failure to act in accordance with its June 9, 2006 order and for her failure to comply with Lucas County Court of Common Pleas Gen.R. 1.03(A), which states:
 {¶ 5} "Only attorneys licensed to practice in Ohio shall practice in the general division. If a judge grants a motion pro hac vice to allow a member of another state's bar to appear as counsel on a particular case, local counsel shall also be designated as co-counsel."
 {¶ 6} According to the affidavit filed in support of her motion for relief from judgment, appellant did not seek to retain local counsel until February 2007. She stated that she sought local counsel at that time because: "Attorney Jeon was not very good at returning my calls and thus it was difficult for me to talk to him about my case." Appellant therefore engaged Thomas A. Sobecki as her new local counsel. In March 2007, Attorney Sobecki mailed the June and August 2006 trial court judgments to appellant.
 {¶ 7} On June 6, 2007, appellant filed a motion for relief from judgment based upon the grounds set forth in Civ. R. 60(B)(1) and (B)(5). In her affidavit, appellant also averred that she never saw or was aware of the lower court's June 9, 2006 order or of its August 8, 2006 judgment until Attorney Sobecki mailed her the copies of these documents in March 2007. She further swore that Attorney Jeon never brought these *Page 4 
matters to her attention. In addition, Hai avowed that she never retained Rice to represent her in the instant case.
 {¶ 8} The motion for relief from judgment was also supported by the affidavit of Attorney Jeon, who swore that he never saw the June and August judgments until Attorney Sobecki brought them to his attention. He further declared:
 {¶ 9} "I am not saying that the Lucas County Court of Common Pleas never sent them to my office or not. I do not know if the Court sent them to my office or not. But I am saying that I never saw them until sometime in 2007 when Attorney Sobecki brought them to my attention."
 {¶ 10} Appellees filed a memorandum in opposition to appellant's motion for relief from judgment and a motion for summary judgment. Appellant filed a reply to the memorandum in opposition. On December 5, 2007, the trial court denied the motion for relief from judgment. Appellant appeals and asserts that the following errors occurred in the court below:
 {¶ 11} "I. The trial court abused its discretion by overruling the motion for relief from dismissal order without first holding an evidentiary hearing.
 {¶ 12} "II. The trial court abused its discretion by denying Hai's motion for relief from dismissal order in that the record demonstrates excusable neglect pursuant to Rule 60(B)(1) of the Ohio Rules of Civil Procedure and that the motion was filed within a reasonable time. *Page 5 
 {¶ 13} "III. The trial court abused its discretion by denying Hai's motion for relief from dismissal order in that the record demonstrates other reason justifying relief from the dismissal order pursuant to Rule 60(B)(5) of the Ohio Rules of Civil Procedure and that the motion was filed within a reasonable time."
 {¶ 14} Civ. R. 60(B) governs motions for relief from judgment and requires the movant to establish that: (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) she filed the motion within a reasonable time and, where the grounds for relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the order or judgment was entered. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 15} In reviewing a trial court's ruling on a motion under Civ. R. 60(B), an appellate court applies an abuse of discretion standard.Moore v. Emanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In her Assignment of Error No. I, appellant claims that the trial court erred in failing to hold an evidentiary hearing prior to denying her motion for relief from judgment. We note that appellant argues the merits of the question of whether the trial court abused its discretion in denying her motion for relief from judgment under this assignment of error. We shall, however, shall limit our discussion and determination of *Page 6 
appellant's Assignment of Error No. I to the lower court's alleged error in failing to hold an evidentiary hearing and address the merits of whether the trial court correctly denied appellant's Civ. R. 60(B) motion in Assignments of Error Nos. II and III.
 {¶ 17} A party seeking relief from judgment is not automatically entitled to an evidentiary hearing on her Civ. R. 60(B) motion. Kay v.Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19, 1996-Ohio-430;Cuervo v. Shell (1998), 131 Ohio App.3d 560, 569. Rather, it is the movant who has the burden of demonstrating that she is entitled to a hearing by alleging sufficient grounds for relief from judgment that are supported by operative facts that would warrant said relief under Civ. R. 60(B). Kay v. Marc Glassman, Inc., 76 Ohio St.3d at 19. Thus, a trial court does not abuse its discretion by summarily denying a Civ. R. 60(B) motion when the "`accompanying materials'" do not provide facts to support relief. JMA North Coast Mgt. v. Sutera, 8th Dist. No. 88224,2007-Ohio-3071, ¶ 10, quoting Bates Springer, Inc. v. Stallworth
(1978), 56 Ohio App.2d 228. See, also, Hover v. O'Hara, 12th Dist. No. CA2006-06-077, 2007-Ohio-3614, ¶ 29, 30.
 {¶ 18} As discussed below, appellant failed to set forth sufficient operative facts that would warrant relief under either Civ. R. 60(B)(1) or 60(B)(5). Therefore, she was not entitled to an evidentiary hearing on her motion. See, also, Hover v. O'Hara, supra, at ¶ 30 (noting that appellant also failed to request an evidentiary hearing on his motion for relief from judgment). Accordingly, appellant's Assignment of Error No. I is found not well-taken. *Page 7 
 {¶ 19} In Assignment of Error No. II, appellant contends that the trial court abused its discretion by denying her motion for relief from judgment made pursuant to Civ. R. 60(B)(1). In the present case, for appellant to prevail on a motion made pursuant to Civ. R. 60(B), she must demonstrate that: (1) she has a meritorious claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) her motion is made within a reasonable time or, in those instances where the grounds for relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment or order was entered. GTE Automatic Elec., Inc. v. ARCIndustries, Inc., 47 Ohio St.2d 146, paragraph two of the syllabus. The movant must establish all three of these elements in order for the Civ. R. 60(B) motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),35 Ohio St.3d 17, 20.
 {¶ 20} There is no question that appellant satisfied the third prong of the applicable standard because her motion for relief from judgment was made within one year of the June 9, 2006 dismissal. Nevertheless, because we find that appellant failed to demonstrate that she was entitled to relief from judgment pursuant to Civ. R. 60(B)(1), we shall not address the issue of whether or not she has a meritorious claim.
 {¶ 21} Under Civ. R. 60(B)(1), a court may grant a motion for relief from judgment if the movant demonstrates "excusable neglect." The general definition of excusable neglect is some action "`not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" Vanest v. PillsburyCo. (1997), *Page 8 124 Ohio App.3d 525, 536 fn. 8, quoting Black's Law Dictionary (6 Ed. 1990) 566. Courts generally find excusable neglect in those instances where there are "unusual or special circumstances" that justify the neglect of a party or her attorney. Id. at 536 (citations omitted). On the other hand, inexcusable neglect occurs when the inaction of a party shows a total disregard of the judicial system. Id., citing GTE Automatic Elec, Inc.v. ARC Industries, Inc. (1976), 47 Ohio St.2d at 152. In addition, attorney conduct falling "substantially below what is reasonable under the circumstances" constitutes inexcusable neglect. Id. The neglect of a party's attorney is imputed to the party for the purposes of Civ. R. 60(B)(1). GTE Automatic Elec, Inc. v. ARC Industries, Inc., 47 Ohio St.2d at paragraph four of the syllabus. Consequently, if either the party or her "attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable." Vanest v. Pillsbury Co., supra, at 536.
 {¶ 22} In the present case, Attorney Jeon was named as an attorney of record in appellant's complaint. Moreover, the certificate of service on appellees' answer indicates that not only was appellant served with that answer prior to the trial court's dismissal of appellant's case, but Attorney Jeon also was served with that answer prior to the trial court's dismissal. Finally, Attorney Jeon does not deny that he may have received the court's June 9, 2006 decision or the court's August 8, 2006 dismissal of appellant's case — he just claims that he never saw it. This averment does not rise to the level of excusable neglect. Accordingly, the neglect on the part of appellant and/or her attorney was inexcusable, and appellant's Assignment of Error No. II is found not well-taken. *Page 9 
 {¶ 23} In Assignment of Error No. III, appellant contends that the trial court abused its discretion in denying her motion for relief from judgment because she set forth a ground for relief under Civ. R. 60(B)(5). Civ. R. 60(B)(5) is a catchall provision and applies only when a more specific provision does not apply. Strack v. Pelton (1994),70 Ohio St.3d 172, 174; Nat'l City Bank v. Calvey, 10th Dist. No. 05AP-1229, 2006-Ohio-3101, ¶ 13. In the present case, Civ. R. 60(B)(1) is the applicable specific ground for appellant's motion for relief from judgment; therefore, appellant cannot rely on Civ. R. 60(B)(5).Boling v. Dimeche Vlado, Inc., 10th Dist. No. 07AP-146,2007-Ohio-5795, ¶ 18. Appellant's Assignment of Error No. III is found not well-taken.
 {¶ 24} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 10 
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Apparently, this cause was re-filed after a previous dismissal, without prejudice. Appellees refer to a docket sheet and other documents appended to their appellate brief that are purportedly part of that prior case. We cannot, however, consider these documents because they were never filed in the action before us. See Charles v. Conrad, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 26. *Page 1