[Cite as *Isaifan v. Ahmar*, 2024-Ohio-1201.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| MADDALEENA ISAIFAN, et al. | | C.A. No.    30651 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HUSEIN AHMAR, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.    CV-2021-02-0585 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

---

FLAGG LANZINGER, Judge

{¶1}    Appellants Maddaleena Isaifan and Kimberly Vaughn appeal the decision of the Summit County Court of Common Pleas, denying their motions for relief from judgment and new trial. This Court affirms.

I.

{¶2}    Mohammad Isaifan died in December of 2019. The Appellants filed a complaint pro se against Appellees, Hussein Ahmar and Ahmad Khamis. The appellees were Mohammad Isaifan's residential landlords prior to his death. The complaint sought damages for the alleged removal and disposal of Mohammad Isaifan's personal property.

{¶3}    While the action against the landlords was pending, the Appellants hired an attorney to open Mohammad Isaifan's estate in probate court. Mohammad Isaifan's ex-wife, Vaughn, was named executor of his estate. Vaughn shared a child with Mohammad Isaifan, Maddaleena Isaifan.

{¶4}    On July 12, 2021, Appellants filed a motion to correct a misspelling of defendant's name in the complaint. However, Appellants did not move the court for leave to amend their complaint to substitute the estate as plaintiff.

{¶5}    Following a bench trial, the trial court granted the Appellees' motion for directed verdict, finding that Appellants lacked standing to bring the action. The trial court found that the Appellants did not have standing because they brought the action as individuals, not on behalf of the estate.

{¶6}    Appellants hired an attorney and filed a motion for relief from judgment and a motion for new trial. The trial court denied both motions. Appellants now appeal the trial court's denial of their relief from judgment and motion for new trial, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR NEW TRIAL BECAUSE THE TRIAL COURT SHOULD HAVE DETERMINED WHETHER APPELLANT KIMBERLY VAUGHN HAD STANDING TO BRING HER CLAIMS ON BEHALF OF HER DAUGHTER AND DECEDENT BEFORE SHE PRESENTED HER FULL CASE IN CHIEF AT TRIAL.**

{¶7}    The Appellants argue that the trial court erred when it denied them relief from judgment. The Appellants assert that they were mistaken and excusably negligent by failing to amend their complaint to name the estate. The Appellants also assert that their failure to hire an attorney to represent Mohammad Isaifan's estate was a mistake. The Appellants argue that their mistakes and excusable neglect entitle them to relief under Civ.R. 60(B)(1). We disagree.

{¶8}    The trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed on appeal absent

an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9}   Civ.R. 60(B) states, relevant to this case, as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶10}   The Appellants sought relief in the trial court pursuant to Civ.R. 60(B)(1). This provision allows the trial court to grant relief from judgment for "mistake" and "excusable neglect." To be entitled to relief for mistake, the movant must show why the party was justified in failing to avoid the mistake or inadvertence; gross carelessness is not enough. *Shanks v. Shanks*, 4th Dist. Ross No. 96CA2252, 1997 WL 114397, *5 (March 10, 1997), citing *State v. The Bug Inn*, 2d Dist. Miami No. 90-CA-23, 1991 WL 47531 (Apr. 5, 1991). Appellants assert that their status as pro se litigants justified their mistakes. However:

'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' '[P]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel.' As such, confusion or misunderstanding of the law by a pro se litigant does not provide grounds for granting a Civ.R. 60(B) motion for relief from judgment.

(Citations omitted.) *Huntington Natl. Bank v. D'Egidio*, 9th Dist. Lorain No. 05CA008647, 2005-Ohio-5497, ¶ 11. Their condition as pro se litigants does not justify Appellants' failure to

avoid their mistake. *Shanks* at \*5. The Appellants are not entitled to relief from judgment because of an alleged mistake merely because they are unhappy with the result. *Id.*

{¶11} Here, the proper party to bring a suit regarding Mohammad Isaifan's personal property was Mohammad Isaifan's estate. The Appellants assert that their failure to substitute Mohammad Isaifan's estate as the party bringing the complaint constituted excusable neglect. An act is one of "neglect" when it constitutes an omission or failure to do a thing that can be done, but it may also import a failure of care or attention in the doing or omission of a given act. *Fed. Nat. Mortg. Ass'n v. Banks*, 2d Dist. Montgomery No. 12692, 1991 WL 254652, \*2 (Dec. 6, 1991). "The general definition of excusable neglect is some action 'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" *Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 21, quoting *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536, fn. 8 (4th Dist.1997). The Appellants' failure to substitute the proper party is not in consequence of some unexpected or unavoidable hindrance or accident. As such, Appellants' error is not excusable neglect.

{¶12} Appellants have failed to establish that they are entitled to relief pursuant to Civ.R. 60(B)(1). The trial court did not abuse its discretion when it denied Appellants' motion for relief from judgment and motion for new trial.

{¶13} The Appellants' assignment of error is overruled.

III.

{¶14} The Appellants' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶15} I respectfully dissent as I believe that the general division of the common pleas court lost subject matter jurisdiction in this matter when Mr. Isaifan's estate was opened in probate court.

{¶16} R.C. 2101.24(A)(1)(c) states that "[e]xcept as otherwise provided by law, the probate court has exclusive jurisdiction * * * [t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates * * *[.]" "Therefore, any matter related to the administration of an estate and the distribution of its assets [is] within the exclusive jurisdiction of the probate court." (Internal quotations and citation omitted.) *Grimes v. Grimes*, 173 Ohio App.3d 537, 2007-Ohio-5653, ¶ 16 (4th Dist.). The concealed or embezzled assets statute, set forth in R.C. 2109.50, "is designed to be a quick, summary, and streamlined method in probate court for obtaining possession of estate assets, rather than being forced into a more elaborate process in the general division of the court." *Matter of Estate of Thompson*, 7th Dist. Columbiana No. 22 CO 0004, 2023-Ohio-2547, ¶ 23. "The purpose of R.C. 2109.50 is to provide a speedy and effective method of discovering assets belonging to the estate and securing their recovery." *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 407 (9th Dist.1993).

> [T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate. Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it."

*Id.*

{¶17} There was a great deal of confusion during the proceedings below, evidenced most prominently by the fact that the matter proceeded all the way to trial before the trial court granted a motion for directed verdict against Appellants on the basis that they lacked standing to pursue their claims. I would sustain Appellants' sole assignment of error and reverse the trial court's judgment solely on the basis that the subject matter of this case fell within the exclusive jurisdiction of the probate court.

APPEARANCES:

HANNE-LORE M. GAMBRELL, Attorney at Law, for Appellants.

TYLER J. WHITNEY, Attorney at Law, for Appellee.