JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rocco Sutera ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case and the facts, this appeal arises out of a partial settlement agreement reached between the parties on October 26, 2005. The docket in the lower court case reflects that the case was settled "in principle." According to appellant, the case was initially settled "in principle" for $ 5,000. Later, a hearing was held on January 5, 2006, and appellee obtained an actual judgment award of $ 10,306 plus interest and costs.
 {¶ 3} Appellant then submitted a motion for relief from judgment in which he stated that the January 5, 2006 hearing contained numerous material misrepresentations. The trial court denied appellant's motion for relief from judgment and appellant's motion for summary judgment on April 24, 2006. Appellant consequently filed a timely appeal on May 23, 2006.
 II {¶ 4} First assignment of error: "The trial court erred in denying the appellants' motion for relief from judgment."
 {¶ 5} Second assignment of error: "The trial court erred by failing to hold a full evidentiary hearing to resolve the factual disputes established by the appellants' *Page 3 
motion for relief from judgment, including prohibiting the examination of appellees['] counsel."
 III {¶ 6} Appellant argues that the lower court erred when it denied his motion for relief from judgment and when it failed to hold a full hearing. Because of the substantial interrelation between appellant's two assignments of error, we shall address them together.
 {¶ 7} Pursuant to Civ.R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment pursuant to Civ.R. 60(B): (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B) (1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 8} These requirements are independent of one another and in the conjunctive. Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107,637 N.E.2d 914. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 9} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. *Page 4 Deters, 80 Ohio St.3d 152, 153, 1997-Ohio-351, 684 N.E.2d 1237. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,5 Ohio B. 481, 450 N.E.2d 1140.
 {¶ 10} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to a hearing on the motion. Reed v.The Basement, Cuyahoga App. No. 82022, 2003-Ohio-4565; Pisani v.Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018. To be entitled to a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he is entitled to relief." Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102. "Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *." Bates Springer, Inc. v. Stallworth (1978),56 Ohio App.2d 223, 228, 382 N.E.2d 1179; see, also, Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 14, 371 N.E.2d 214 (trial court does not abuse its discretion by failing to conduct an evidentiary hearing on a Civ.R. 60(B) motion when the court has sufficient evidence before it to decide whether a meritorious defense was presented).
 {¶ 11} Although the lower court actually held a hearing in this case, appellant argues that the hearing was not a "full" evidentiary hearing and was therefore *Page 5 
improper. There is no requirement that the lower court hold a "full" evidentiary hearing in the manner in which appellant argues in his brief. Moreover, the evidence in the case at bar demonstrates that the hearing was conducted properly.
 {¶ 12} Appellant failed to put forth any evidence demonstrating an abuse of discretion on the part of the lower court. Appellant makes much of the fact that the parties had a settlement "in principle." However, a settlement "in principle" is not the same as a final settlement on all terms, signed and agreed to by all of the parties.
 {¶ 13} We find that the evidence in the case at bar demonstrates that appellant failed to allege operative facts that would warrant relief under Civ.R. 60(B). Appellant merely alleged that appellees failed to comply with the settlement agreement, which is insufficient to justify vacating the court's prior entry.
 {¶ 14} Accordingly, appellant's first and second assignments of error are without merit and are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P. J., and KENNETH A. ROCCO, J., CONCUR *Page 1