DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, which denied the appellants' motion to vacate a consent judgment entry executed between the parties and filed with the trial court. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, Michael and Janet Overfield, set forth the following sole assignment of error:
 {¶ 3} "The trial court erred to the prejudice of appellants when it failed to grant appellants relief from their agreement to arbitrate, as the purpose of the agreement was *Page 2 
substantially frustrated by appellee's apparent inability to satisfy a basic condition on which the agreement was premised."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. This appeal stems from an ongoing dispute between the parties who are neighbors with adjacent properties in Port Clinton. The relationship between the parties has been antagonistic for some time.
 {¶ 5} On March 24, 2003, appellants filed a complaint against appellee. On June 11, 2003, appellee filed his answer and counterclaim. The wealth of allegations between these parties involve numerous menacing behaviors that range from dumping of garbage and manure to digging trenches designed to erode the other's property and water contamination. On April 8, 2005, the case was referred for mediation to mediator John Py. Mediation between the parties culminated in a consent judgment entry between the parties.
 {¶ 6} On September 1, 2005, a consent judgment entry between the parties was filed with the trial court. The terms of the settlement agreement were designed to bring all pending disputes between the neighbors to a conclusion and to provide a clear mandatory framework for addressing future disputes.
 {¶ 7} The consent judgment entry dismissed all pending claims and counterclaims between the parties. A restraining order between the parties was terminated. The agreement expressly incorporated a comprehensive ban on any and all types of adversarial conduct between the parties. The parties were required to arbitrate *Page 3 
alleged breaches of the settlement agreement. The parties were required to each post a $20,000 bond with the clerk of court.
 {¶ 8} Appellee failed to obtain and post a $20,000 bond with the clerk of court. For this reason, appellants filed a motion to show cause against appellee. The trial court determined in subsequent contempt proceedings that appellee's actions were based upon poor credit ratings and not contemptuous in nature.
 {¶ 9} On January 29, 2007, appellants filed a motion to vacate the consent judgment entry in its entirety. On February 9, 2007, appellee filed a memorandum in opposition. On March 2, 2007, the trial court issued its decision denying appellants' motion to vacate. Appellants filed a timely notice of appeal.
 {¶ 10} In their sole assignment of error, appellants assert that the trial court erred in denying the motion to vacate the mediation settlement agreement memorialized by the consent judgment entry. In support, appellants emphasize appellee's failure to procure the $20,000 bond as warranting the trial court vacating the entire agreement. In response, appellee points out that all parties were aware at the time of the agreement that he had not yet procured the bond. Appellee argues that his inability to procure the bond does not negate the balance of the agreement, including the requirement to arbitrate disputes arising from the agreement.
 {¶ 11} The trial court denied the motion to vacate. The disputed trial court judgment held in relevant part, "Considering the entire file, the Motion to Vacate, and the Memorandum in Opposition thereto, the Court concludes as suggested by defendant the *Page 4 
inability to obtain bond does not cancel or render nugatory the other separate and independent provisions of the settlements, e.g. the requirement for arbitration."
 {¶ 12} Appellate court review of a trial court determination to deny a motion to vacate is conducted pursuant to an abuse of discretion standard. JMAN. Coast Property Mgt. v. Sutera, 8th Dist. No. 88244,2007-Ohio-3071. See, also, Stonehenge Condominium Ass'n. v. Davis, 10th Dist. No. 04AP-1103, 2005-Ohio-4637. An abuse of discretion is more than an error of law or judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Id.
 {¶ 13} Following a lengthy and arduous process, a settlement agreement was reached between the parties addressing all pending legal matters between them. That agreement culminated in a detailed consent judgment entry filed on September 1, 2005, dismissing all pending claims and counterclaims, terminating restraining orders, banning provocative conduct between the parties, and requiring arbitration of future disputes. The express term of the consent judgment is five years, or until September 1, 2010.
 {¶ 14} It is clear from the language of the consent judgment entry, as well as the context in which it was written as evidenced by the record, that the overriding purpose of the agreement was to put an end to the contentious relationship between the parties and mandate arbitration of future disputes so as to avoid future litigation and conflict between these neighbors. *Page 5 
 {¶ 15} Appellants sought to vacate the entire settlement agreement based on appellee's failure to secure a $20,000 bond. Following full proceedings on the matter, the trial court concluded that appellee's conduct was not in contempt of the consent judgment, did not justify or require setting aside the entire agreement, and denied appellants' motion to vacate. During the term of the consent judgment entry, disputes between the parties must be arbitrated.
 {¶ 16} We have carefully reviewed and considered the record of evidence. We find no compelling or persuasive evidence in the record establishing that the disputed denial of the motion to vacate in affirmation of the arbitration mandate can properly be characterized as unreasonable, arbitrary or unconscionable. We find appellants' assignment of error not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing of the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
William J. Skow, J., Thomas J. Osowik, J., Arlene Singer, J., Concur.